**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **MALIK WALLACE, DUANE PARTRIDGE, and ANTHONY ROGERS,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**MARTEN TRANSPORT, LTD**, a Foreign Profit Corporation, and **DOES 1-10**, inclusive,<br><br>Defendant. | Case No. 2:24-cv-00872-JHC<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF WASHINGTON'S WAGE TRANSPARENCY LAW (RCW 49.58.110)** |

SECOND AMENDED CLASS ACTION COMPLAINT – 1

ACKERMANN & TILAJEF, P.C.
2602 N. PROCTOR ST. #205 TACOMA, WA 98406
P: (253) 625-7720 / F: (310) 277-0635
E: BD@ACKERMANNTILAJEF.COM

Plaintiffs Malik Wallace, Duane Partridge, and Anthony Rogers ("Plaintiffs"), by and through their undersigned attorneys and on behalf of themselves and all others similarly situated, complain and allege the following:

## I. NATURE OF ACTION

1. This is a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) against Defendant Marten Transport, Ltd and its subsidiaries and affiliated companies, and DOES 1-10, inclusive, who maintained job postings to which Plaintiffs applied ("Doe Defendants") (together "Defendant"), for engaging in a systematic scheme of failing to include the wage scale, salary range, and/or a general description of all benefits and other compensation to be offered in job openings.

2. Plaintiffs seek statutory penalties, attorneys' fees, and costs for Defendant's failure to include the wage scale, salary range, and/or a general description of all benefits and other compensation to be offered in its job openings under RCW 49.58.110 and 49.58.070(1)

## II. THE PARTIES

3. Plaintiff Wallace, who at all relevant times was a resident of Olympia, Washington, applied for a truck driver job position in Washington State with Defendant in or around November 2023. Plaintiff Partridge, who at all relevant times was a resident of Portland, Oregon, applied for a truck driver job position in Washington State with Defendant in or around November 2023. Plaintiff Rogers, who at all relevant times was a resident of Tacoma, Washington, applied for a truck driver position in Washington State with Defendant in or around February 2024. Defendant's job postings do not disclose the wage scale, salary range, or a general description of the benefits and other compensation to be offered. Plaintiffs applied for the jobs in good faith with the genuine intent of gaining employment and, as such, became personally exposed to the risk of harm caused by Defendant's violations. Plaintiffs seek to represent a class of all individuals who, from January 1, 2023 through the present (the "Class Period") applied for a job in the State of Washington with Defendant where the job posting did not disclose the wage scale or salary range for the position.

4. Defendant is an international transportation company. Defendant has its principal place of business in Mondovi, Wisconsin, and, with its related entities, has a network of locations

SECOND AMENDED CLASS ACTION COMPLAINT – 2

ACKERMANN & TILAJEF, P.C.
2602 N. PROCTOR ST. #205 TACOMA, WA 98406
P: (253) 625-7720 / F: (310) 277-0635
E: BD@ACKERMANNTILAJEF.COM

and operations in the United States and within Washington, including in Seattle, Olympia, Maple Valley, Pacific, and Pasco.

5.  Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of Doe Defendants sued herein as DOES 1 through 10, inclusive, and, therefore, sues these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of these fictitiously named Doe Defendants is responsible in some manner for the occurrences herein alleged, in that they maintained job postings to which Plaintiffs and the Class applied, and that Plaintiffs' damages, as herein alleged, were proximately caused by such Doe Defendants.

### III.    JURISDICTION & VENUE

6.  This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. sections 1332, 1441, 1446, and 1453. The Parties are diverse under 28 U.S.C. section 1332 and 28 U.S.C. section 1441, and the amount in controversy exceed $5,000,000.

7.  Venue is proper in this judicial district because this is the Court encompassing the place where this action is currently pending 28 U.S.C. section 1441(a). Venue is proper in Seattle because this action was brought in King County. *See* 28 U.S.C. section 1441(a).

### IV.    FACTUAL ALLEGATIONS

8.  On information and belief, during the Class Period, Defendant fielded employment applications from more than one thousand individuals for jobs in Washington State.

9.  <u>Facts and Law Regarding Defendant's Violations of RCW 49.58.110(1):</u> Effective January 1, 2023, employers in Washington must disclose in each posting for each job opening, the wage scale or salary range and a general description of all of the benefits and other compensation to be offered to the hired applicant. RCW 49.58.110(1). For the purposes of RCW 49.58.110, "posting" means any solicitation intended to recruit job applicants for a specific available position, including recruitment done directly by an employer ***or indirectly through a third party***, and includes any postings done electronically, or with a printed hard copy, that includes qualifications for desired applicants. RCW 49.58.110(1) (emphasis added). This section only applies to

SECOND AMENDED CLASS ACTION COMPLAINT – 3

ACKERMANN & TILAJEF, P.C.
2602 N. PROCTOR ST. #205 TACOMA, WA 98406
P: (253) 625-7720 / F: (310) 277-0635
E: BD@ACKERMANNTILAJEF.COM

employers with 15 or more employees. RCW 49.58.110(3). At all relevant times, Defendant employed more than 15 individuals.

10. From January 1, 2023 to the present, Plaintiffs and the Class Members applied to job openings with Defendant for positions located in Washington State where Defendant's job postings did not disclose the wage scale, salary range, and/or a general description of the benefits and other compensation to be offered.

11. Specifically, in or around November 2023 and February 2024, Plaintiffs applied for job openings in Washington State with Defendant. Defendant's job postings do not disclose the wage scale, salary range, or a general description of the benefits and other compensation to be offered. A true and correct copy of Defendant's current driver opportunity job postings on Defendant's website is attached hereto as **Exhibit A** (last accessed May 8, 2024), which states, as it relates to compensation, "$1,675 average weekly pay". There was and is no range of possible salaries stated, nor was or is there any wage scale of what truck drivers earn included in the job posting. On information and belief, most or all of Defendant's job postings for jobs in Washington include the same language when referring to compensation, including those job postings done indirectly through a third party, including the Driver Pulse cell phone application.

12. Plaintiffs and the Class Members lost valuable time applying for jobs with Defendant for which the wage scale or salary range was not disclosed to them.

13. As a result of Plaintiffs' and Class Members' inability to evaluate the pay for positions, negotiate that pay, and compare that pay to other available positions in the marketplace, Plaintiffs and the Class Members were harmed.

## V.    CLASS ACTION ALLEGATIONS

14. Plaintiffs bring this case as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of the following Class (the "Class" or "Class Members"):

> **All individuals who, from January 1, 2023 through the present (the "Class Period") applied for a job opening in the State of Washington with Defendant where the job posting did not**

SECOND AMENDED CLASS ACTION COMPLAINT – 4

ACKERMANN & TILAJEF, P.C.
2602 N. PROCTOR ST. #205 TACOMA, WA 98406
P: (253) 625-7720 / F: (310) 277-0635
E: BD@ACKERMANNTILAJEF.COM

**disclose the wage scale or salary range for the position[1]**

15. Plaintiffs reserve the right to amend or modify the class descriptions with greater specificity, by division into subclasses, or by limitation to particular issues.

16. On information and belief, there are estimated to be more than one thousand individuals in the Class. Given Defendant's systemic failure to comply with RCW 49.58.110(1), the members of the Class are so numerous that joinder of all members is impractical.

17. Plaintiffs' claims are typical of the claims of the members of the Class because they applied for employment with Defendant during the Class Period and they sustained damages arising out of Defendant's failure to include the wage scale and salary range on job postings during the Class Period.

18. Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs have no conflicts of interest with any member of the Class. Plaintiffs have retained competent and experienced counsel in complex class action litigation. Plaintiffs' counsel has the expertise and financial resources to adequately represent the interests of the Class.

19. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Plaintiffs and the Class are the following:

a. Whether Plaintiffs and Class Members applied for jobs with Defendant during the Class Period where Defendant's job postings failed to include the wage scale, salary range, and/or a general description of the benefits and other compensation to be offered;

b. Whether Defendant violated RCW 49.58.110(1) by failing to disclose the wage scale, salary range, and/or a general description of the benefits and other compensation to be offered in job postings during the Class Period;

c. The proper formula(s) for calculating damages and interest owed to Plaintiffs and

---

[1] Plaintiffs reserve the right to modify the Class definition at a later date to conform to new facts learned, including the properly named entity Defendant(s). Plaintiffs also reserve the right to move for certification on certain claims as to certain subclasses.

SECOND AMENDED CLASS ACTION COMPLAINT – 5

ACKERMANN & TILAJEF, P.C.
2602 N. PROCTOR ST. #205 TACOMA, WA 98406
P: (253) 625-7720 / F: (310) 277-0635
E: BD@ACKERMANNTILAJEF.COM

Class Members; and

      d. The nature and extent of class-wide damages and the measure of damages for the Class.

20. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individuals would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class Members are readily identifiable from Defendant's employee rosters, HR databases, payroll records, and/or job applicant records.

21. Defendant's actions are generally applicable to each member of the Class. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendant.

22. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendant.

### VI.  CAUSE OF ACTION
### Violation of RCW 49.58.110

23. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

24. Effective January 1, 2023, employers must disclose in each posting for each job opening, the wage scale or salary range and a general description of all of the benefits and other compensation to be offered to the hired applicant. RCW 49.58.110(1). For the purposes of RCW 49.58.110, "posting" means any solicitation intended to recruit job applicants for a specific available position, including recruitment done directly by an employer or indirectly through a third

SECOND AMENDED CLASS ACTION COMPLAINT – 6

ACKERMANN & TILAJEF, P.C.
2602 N. PROCTOR ST. #205 TACOMA, WA 98406
P: (253) 625-7720 / F: (310) 277-0635
E: BD@ACKERMANNTILAJEF.COM

party, and includes any postings done electronically, or with a printed hard copy, that includes qualifications for desired applicants. RCW 49.58.110(1). This section only applies to employers with 15 or more employees. RCW 49.58.110(3).

25. As described above, Defendant did not disclose the wage scale, salary range, and/or a general description of the benefits and other compensation to be offered in its job postings.

26. Starting January 1, 2023, Plaintiffs and the Class applied for job openings with Defendant where the job postings did not disclose the wage scale, salary range, and/or a general description of the benefits and other compensation to be offered. Accordingly, Defendant violated RCW 49.58.110(1).

27. A job applicant or an employee is entitled to the remedies in RCW 49.58.060 and 49.58.070 for violations of this section. RCW 49.58.110(4). An employee may bring a civil against an employer for . . . actual damages; statutory damages equal to the actual damages or five thousand dollars, whichever is greater; interest of one percent per month on all compensation owed; and costs and reasonable attorneys' fees. The court may also order reinstatement and injunctive relief. RCW 49.58.070(1).

28. Plaintiffs and Class Members are entitled to actual or statutory damages, plus interest, and attorneys' fees and costs, under RCW 49.58.070(1).

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and the members of the Class, pray for judgment against Defendant as follows:

A. An Order that this action may proceed and be maintained as a class action, certifying the Class as defined above for the Class Period defined above;

B. A declaratory judgment that Defendant violated RCW 49.58.110(1);

C. An award of statutory damages equal to Plaintiffs and Class Members actual damages or five thousand dollars, whichever is greater, pursuant to RCW 49.58.070(1), plus interest, and reasonable attorneys' fees and costs; and

///

///

SECOND AMENDED CLASS ACTION COMPLAINT – 7

ACKERMANN & TILAJEF, P.C.
2602 N. PROCTOR ST. #205 TACOMA, WA 98406
P: (253) 625-7720 / F: (310) 277-0635
E: BD@ACKERMANNTILAJEF.COM

D.  All other relief this Court deems proper.

Dated this 24th day of June, 2024.         Respectfully submitted,

**ACKERMANN & TILAJEF, P.C.**

By:   */s/Craig J. Ackermann*
Craig J. Ackermann, WSBA #53330
Brian Denlinger, WSBA #53177
Avi Kreitenberg, WSBA #53294
ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Telephone: (310) 277-0614
Facsimile: (310) 277-0635
cja@ackermanntilajef.com
bd@ackermanntilajef.com
ak@ackermanntilajef.com

SECOND AMENDED CLASS ACTION COMPLAINT – 8

ACKERMANN & TILAJEF, P.C.
2602 N. PROCTOR ST. #205 TACOMA, WA 98406
P: (253) 625-7720 / F: (310) 277-0635
E: BD@ACKERMANNTILAJEF.COM

# EXHIBIT A
## to Second Amended Complaint



Call Now    Apply Now    Quick App

# CDL A Dedicated Truck Driver - Home Weekly



Search Jobs

Table of Contents

## Job Details

**CDL-A dedicated truck driver jobs offer weekly home time option!**

Are you getting the very best your carrier has to offer? If you feel you've had to lower your career expectations, it's time to take a look at the dedicated opportunities with Marten Transport where you can EXPECT THE BEST!

Marten has high-paying truck driving opportunities pulling dedicated freight featuring our amazing benefits plus weekly home time option. Learn more today!

**Advantages and earnings include:**

- $1,675 average weekly pay
- Weekly home time!
- Late-model equipment
- Up to $2,500 Referral Bonus - unlimited earning potential

**Additional Benefits:**

- Health, Dental, Vision & 401k Match



Call Now    Apply Now    Quick App

- Paid vacation

**Qualifications:**

- Current CDL-A

- At least 22 years of age

- **Must have a minimum of 6 months recent qualified CDL-A driving experience to apply.**

Home time and pay may vary by hiring area and specific route details ask a recruiter for details

Marten does not provide CDL training

Expect the best when you join Marten Transport – APPLY NOW!

APPLY NOW

CALL (866) 539-7878

# Quick App

First Name *

Last Name *

Cell Phone *                                    Email *



Call Now                                    Apply Now                                    Quick App

State *                                                          Zip *

--Select--                                                       [ ]

Are you 22 years of age or older? *

Select an option

Do you have a valid Class A CDL? *

Select an option

⛔  Drivers with less than 6 months driving experience or students do not qualify - must have at least 6 months tractor/trailer driving experience to apply.

Marten requires 6 months OTR/Regional driving experience with one carrier or 1-year local experience. How much experience do you have? *

Select an option

Have you had any moving violations in the last two years? *

Select an option

☐ I hereby consent to receive autodialed and/or pre-recorded calls and/or SMS (text messages) from or on behalf of Marten Transport at the telephone number provided above.

Notify Me



Call Now                                   Apply Now                                   Quick App



## Links

🔍 Jobs Search

## Contact

✏️ Driver Application

📞 (866) 539-7878

## Site Use

🛡️ Privacy Policy

☑️ Your Privacy Choices

# CERTIFICATE OF SERVICE

I, Jaclyn Blackwell, hereby certify and declare under penalty of perjury under the laws of the States of Washington and California that, on the 27th day of June, 2026, I caused to be electronically filed the foregoing Second Amended Class Action Complaint for Violations of Washing ton's Wage Transparency Law with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

Jeremy E Roller, WSBA #32021
ARETE LAW GROUP PLLC
1218 THIRD AVE SUITE 2100
SEATTLE, WA 98101
206/428-3250
Email: jroller@aretelaw.com

Janice W Jenchun Lin, *pro hac vice*
BAKER & MCKENZIE (SF)
TWO EMBARCADERO CENTER
11TH FLOOR
SAN FRANCISCO, CA 94111
415/576/3000
Email: janice.lin@bakermckenzie.com

Michael E. Brewer, *pro hac vice*
BAKER & MCKENZIE (SF)
TWO EMBARCADERO CENTER
11TH FLOOR
SAN FRANCISCO, CA 94111
415/576/3000
Email: michael.brewer@bakermckenzie.com

I further certify that I mailed a true and correct copy of the foregoing to the following non-CM/ECF participant: N/A

                                          /s/Jaclyn Blackwell
                                        Jaclyn Blackwell
                                        Office Manager
                                        ACKERMANN & TILAJEF, P.C.

CERTIFICATE OF SERVICE – 1

ACKERMANN & TILAJEF, P.C.
2602 N. PROCTOR ST. #205 TACOMA, WA 98406
P: (253) 625-7720 / F: (310) 277-0635
E: BD@ACKERMANNTILAJEF.COM