HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MALIK WALLACE, DUANE PARTRIDGE, and ANTHONY ROGERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARTEN TRANSPORT, LTD., a Foreign Profit Corporation; and DOES 1-10, inclusive;<br><br>Defendants. | CASE NO. 2:24-cv-00872-RAJ<br><br>ORDER |

## I.   INTRODUCTION

THIS MATTER comes before the Court on Plaintiffs Malik Wallace, Duane Partridge, and Anthony Rogers (collectively, "Plaintiffs")'s Motion to Remand this case to state court. Dkt. # 24.

Also before the court is Defendant Marten Transport, Ltd. ("Defendant")'s Motion to Dismiss. Dkt. # 23.

For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion to Remand and **GRANTS** Defendant's Motion to Dismiss.

ORDER – 1

## II. BACKGROUND

This class action arises out of a labor dispute in which Plaintiffs claim Defendant failed to disclose pertinent salary and other benefit-related information when posting an open employment position, thereby contravening requirements prescribed by Washington law. The facts that precipitated this matter are few and as alleged in Plaintiffs' Second Amended Complaint. In November of 2023 and February of 2024, Plaintiffs applied for job openings in Washington listed by Defendant that sought commercial truck drivers. Dkt. # 18 at ¶ 11. The job postings did not disclose the wage scale, salary range, or a general description of the benefits and other compensation offered. *Id*. Plaintiffs have provided the Court with a current driver opportunity job posting on Defendant's website, which include phrases such as "$1,675 average weekly pay" and "[w]eekly home time []." *Id.* at 10. The listing also alludes to health, dental, and vision benefits. *Id*. Plaintiffs claim that "there was and is no range of possible salaries stated, nor was or is there any wage scale of what truck drivers earn included in the job posting." *Id*. Plaintiffs allege that they "lost valuable time applying for jobs with Defendant," and "as a result of their inability to evaluate the pay for positions, negotiate that pay, and compare that pay to other available positions in the marketplace, Plaintiffs and the Class Members were harmed." *Id*. at ¶ 11.

The Court will also address the procedural posture of this case, as it is relevant to Plaintiffs' Motion to Remand. Plaintiffs filed a putative class action lawsuit in King County Superior Court on May 9, 2024, and their First Amended Complaint five days later, seeking statutory damages and reasonable attorney's fees for violations of the Washington Equal Pay and Opportunity Act ("EPOA"), RCW 49.58.110 and RCW 49.58.070. Dkt. # 1-2. Plaintiffs' First Amended Complaint alleged that Defendant engaged in a systematic scheme of failing to include the wage scale or salary range that would be offered in its job postings, a violation of the EPOA. *See id*. On June 17, 2024, Defendant removed the case to this Court, asserting that the Court has subject[-]matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

ORDER – 2

Plaintiffs filed their Second Amended Complaint on June 25, 2024, adding Anthony Rogers as a party. Dkt. # 18. Defendant moves to dismiss the Second Amended Complaint, averring that Plaintiffs not only fail to state a claim upon which relief can be granted, but also lack standing. Conversely, Plaintiffs move to remand this case to King County Superior Court on the supposition that jurisdiction is improper in this Court.

### III. LEGAL STANDARD

**A.  Motions to Remand**

Under normal circumstances, district courts have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). A defendant may remove a civil action brought in a state court of which the district courts have original jurisdiction. 28 U.S.C. § 1441(a). However, CAFA provides the federal district courts with original jurisdiction to hear a class action if the class has more than 100 members, the parties are minimally diverse, and the matter in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(2), (d)(b)(5).

There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005); *Gaus*, 980 F.2d at 566. The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006).

The removing party must carry this burden not only at the time of removal, but also when opposing a motion to remand. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). To assess jurisdiction, a court may consider facts in the removal petition and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d

ORDER – 3

373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)).

### B. Motions to Dismiss

#### i. Lack of standing

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id*. Once it is determined that a federal court lacks subject-matter jurisdiction, such as for want of standing, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A party may bring a factual challenge to subject-matter jurisdiction, and in such cases the court may consider materials beyond the complaint. *PW Arms, Inc. v. United States*, 186 F. Supp. 3d 1137, 1142 (W.D. Wash. 2016) (internal citation omitted); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("[m]oreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) [,] the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

#### ii. Failure to state a claim upon which relief may be granted

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is

ORDER – 4

1  plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff
2  succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the
3  allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft*
4  *v. Iqbal*, 556 U.S. 662, 679 (2009).

5      A court typically cannot consider evidence beyond the four corners of the complaint,
6  although it may rely on a document to which the complaint refers if the document is central
7  to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445,
8  448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United*
9  *States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV. DISCUSSION

### A. Remand to King County Superior Court

The Court has subject-matter jurisdiction over this matter and summarily denies Plaintiffs' Motion to Remand. "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (international quotation marks and citation omitted). "It suffices to point out that no antiremoval [sic] presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.* (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013)).

As elucidated, *supra*, CAFA provides federal district courts with original jurisdiction to hear a class action if the class has more than 100 members, the parties are minimally diverse, and the matter in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(2), (d)(b)(5). The Court commences its inquiry into whether jurisdiction is proper by examining Plaintiffs' Second Amended Complaint in conjunction with Federal Rule of Civil Procedure 23(b)(3), which applies to class actions. Here, the Court need not tarry into a prolix analysis, as the Second Amended Complaint contains a clear concession that the Court has jurisdiction, alleging, "[t]his Court has subject[-]matter

ORDER – 5

jurisdiction over Plaintiffs' claims under 28 U.S.C. sections 1332, 1441, 1446, and 1453. The parties are diverse under 28 U.S.C. section 1332 and 28 U.S.C. section 1441, and the amount in controversy exceeds $5,000,000." Dkt. # 18 at ¶ 6. To cinch the matter, Plaintiffs allege all the Rule 23(b)(3) and CAFA elements supporting removal, admitting that: (1) "the members of the Class are so numerous that joinder of all members is impractical;" (2) "Plaintiffs' claims are typical of the claims of the members of the Class;" (3) "Plaintiffs will fairly and adequately represent the interests of the Class;" and (4) "[c]ommon questions of law and fact exist as to all members of the class . . . ." *Compare id.* at ¶¶ 16-19 *with* Fed. R. Civ. 23(a) (listing the same four elements).

The Court must address the trend in which other courts often choose to remand a case when faced with concurrent motions to remand and dismiss. Nonetheless, the interplay between the Motions in this case provides an exception to this inclination. As Defendant aptly posits in its Response to Plaintiffs' Motion to Remand, if the Court is certain that remand would be futile because standing issues would prevent the case from proceeding in state court, dismissal is the appropriate choice. *See Bell v. City of Kellogg*, 922 F.2d 1418, 1425 ("leave to amend should be given freely, but need not be granted when it would be futile in saving the plaintiffs' case.") (internal citation omitted). In the proceeding section of its Order, the Court will find that Plaintiffs lack standing to bring this action, thus rendering remand to state court futile.

Although not pertinent to its ruling, the Court questions whether Plaintiffs moved to remand this action in good faith. Plaintiffs filed their Motion to Remand a mere two days after Defendant filed its Motion to Dismiss. Plaintiffs have also filed *three* complaints in this case when including the original state court pleading. It is possible that Plaintiffs are forum-shopping to have this case heard in a jurisdiction with a notice pleading standard, which is a far lower bar to satisfy than that in federal court.

Accordingly, the Court **DENIES** Plaintiffs' Motion to Remand. Dkt. # 24.

ORDER – 6

**B.     Motion to Dismiss Based on Lack of Standing**

*i.     Injury-in-fact*

Defendant moves to dismiss Plaintiffs' Second Amended Complaint on two grounds: (1) lack of standing and (2) failure to state a claim upon which relief may be granted. The Court finds that Plaintiffs do not have standing to bring this action, as they are not bona fide job applicants who have suffered an injury-in-fact.

To establish Article III standing, a plaintiff must show: (1) it has suffered an injury-in-fact [sic] "that is (a) concreted and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Cal. Sea Urchin Comm'n v. Bean*, 883 F.3d 1173, 1180 (9th Cir. 2018) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 526 U.S. 167, 180-81 (2000)). The Ninth Circuit recently developed a two-pronged inquiry to determine whether the violation of a statute constitutes a concrete harm or injury-in-fact: (1) "whether the statutory provisions at issue were established to protect . . . concrete interests (as opposed to purely procedural rights)" and (2) "whether the specific procedural violations alleged in [the] case actually harm, or present a material risk of harm to, such interests." *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021). "A plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Robins v. Spokeo, Inc.* 867 F.3d 1108, 1112 (9th Cir. 2017) (internal quotations marks and citation omitted).

The Court is cognizant that the purpose of the EPOA is to protect concrete interests, but it finds that Plaintiffs are parroting the elements of the statute in their factually deprived Second Amended Complaint. The harm Plaintiffs allege they suffered is that they (1) "lost valuable time applying for jobs with Defendant for which the wage scale or salary range was not disclosed to them;" (2) "applied for the jobs in good faith with the genuine intent

ORDER – 7

of gaining employment;" and (3) were unable to "evaluate the pay for positions, negotiate that pay, and compare that pay to other available positions in the marketplace." Dkt. # 18 at ¶¶ 3, 12-13.

The final allegation listed above echoes the exact same language of an essential element listed in the EPOA statute that Plaintiffs fail to buttress with any specific facts. *See* RCW 49.58.110. Moreover, courts in this District have routinely found similar allegations insufficient to survive a motion to dismiss. *See Floyd v. Insight Glob. LLC*, No. 2:23-cv-01680, 2024 WL 2133370, at *5 (W.D. Wash. May 10, 2024) (ruling that when the defendant argued the plaintiff made conclusory allegations that he lost time while applying for a job, "a job posting that does not contain compensation information . . . does not harm or create a material risk of harm to any individual's concrete interest."); *Atkinson v. Aaron's LLC*, No. 2:23-cv-01742, 2024 WL 2133358, at *9 (W.D. Wash. May 10, 2024) ("the Court concludes that a violation of the statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires a 'bona fide' applicant before there is a risk of harm.").

Plaintiffs offers no specific facts demonstrating that they are bona fide job applicants. Because Plaintiffs fail to show that they suffered the type of harm against which the statute intends to protect, they lack standing to bring a claim under RCW 49.58.110. Even if this case were remanded, Plaintiffs would again fail to establish standing, as they would still have to show that a challenged action caused an "injury in fact." *See Dean v. Lehman*, 143 Wn.2d 12, 18, 18 P.3d 523, 527 (2001) (listing the requisite elements to establish standing in Washington courts).

        *ii.*     *Leave to amend*

The Court finds that allowing Plaintiffs further leave to amend their pleading would be futile. Courts should deny leave to amend if "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.,*

ORDER – 8

*Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "Where the plaintiff has previously amended its complaint," courts have broader discretion to grant motions to dismiss without leave to amend. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

Here, Plaintiffs have amended their complaint twice in the last two months. It is highly unlikely that allowing Plaintiffs to file a *third* amended complaint would cure the standing issues previously discussed. Finally, prolonging this litigation would exhaust the resources of both the Court and the parties.

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss. Dkt. # 23.

## V.  CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Remand and **GRANTS** Defendant's Motion to Dismiss. Dkt. ## 24, 23. Plaintiffs' Second Amended Complaint is dismissed **WITH PREJUDICE**. The Clerk is instructed to close this case.

Dated this 8th day of November, 2024.

The Honorable Richard A. Jones
United States District Judge

ORDER – 9